IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

EDWARD PARKS,                          )
                                       )
              Plaintiff,               )
                                       )
                                       )      CIV-09-450-HE
v.                                     )
                                       )
CORNELL CORRECTIONS,                   )
                                       )
              Defendant.               )


SUPPLEMENTAL REPORT  AND  RECOMMENDATION

        Plaintiff, an Arizona state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  For the following reasons, it is recommended that Plaintiff's cause of action be dismissed in part and denied in part as set forth herein.

Initial Review under 28 U.S.C. § 1915(e)(2)(B)

        In considering a civil complaint filed by a prisoner, the court must dismiss a prisoner's cause of action filed *in forma pauperis* at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. §1915(e)(2)(B).

1

In a civil action, "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.  A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Analysis

In his Complaint, Plaintiff indicates that he is serving a sentence for an Arizona conviction and that he is currently incarcerated at Great Plains Correctional Facility ("GPCF"). GPCF is a private prison located in Hinton, Oklahoma, that is owned and operated by Defendant Cornell Corrections ("CC").  Defendant has a contract with the Arizona Department of Corrections to provide custody and care for 1,980 Arizona inmates. http://www.azcorrections.gov/adc/prisons/great_plains.asp.

In his Complaint, Plaintiff alleges that he is receiving inadequate medical care for his chronic obstructive pulmonary disease, headache pain, and unspecified "inturnal [sic] injurys [sic]" at GPCF.  He indicates that his request for a "C-T scan" in January 2009 was denied and that he takes medication for head pain, for sleeping, and for high blood pressure, although he questions the necessity for high blood pressure medication.  According to his allegations, Plaintiff is also unhappy with his telephone service through the "fronteir fone [sic] company" in Arizona, although the extent of this difficulty is not clear.

2

In his request for relief, Plaintiff demands "a computation [sic] of sentence [sic]" and an order directing "the state to be responeable [sic] for long term medical expences [sic] for both respatory [sic] and head pain."  In additional pleadings filed in this case, Plaintiff seeks to amend his Complaint to add a request for monetary damages of $250,000.00.   Plaintiff also complains in one of these pleadings that overcrowded cells at GPCF causes him stress, that he takes medication two times a day for headaches and carries an inhaler medication for chronic obstructive pulmonary disease and "lung infection," and that he is concerned about the prison's intercom system, fire drills, and phone service, although the nature of these complaints is not clear.  <u>See</u> "Notice of Civil Rights Complaint" (Doc. # 7).  In another of these pleadings, Plaintiff complains of difficulty walking up and down stairs due to chronic knee pain, alleges that he was placed in a top bunk some period of time, and asserts that he is treated monthly in a "chronic clinic" for undescribed medical issues.  <u>See</u> "Motion - Statement of Claim - 250,000" (Doc. # 10).  In yet another additional pleading, Plaintiff asserts that he is seeking both a "computation [sic] of the remainder of his sentence [sic]" and

> a payment of 250,000 for pain and suffuring [sic] during the 19 days he lived upstairs in (E) unit at the Hinton facility after staff was fully awear [sic] of his medical iussue [sic] involving medication [he] is taking for dizzyness due to head injury in Sept. 29, 2007.  He also is taking meds [sic] for chronic knee pain....This facility had plenty of time to act....[He] was unable to walk up and downstairs and they were able to do something. They are lible [sic] and responsable [sic].  Request is for release, vatcate [sic] remainder of sentence [sic] 17 months and payment 250,000.

<u>See</u> "Motion - and Statement of Claim's - Case CIV-450, HE, M" (Doc. # 9).

To the extent Plaintiff is seeking to challenge his transfer from Arizona to an out-of-state prison, his claim challenges the execution of his sentence and therefore arises under 28 U.S.C. § 2241.  See Montez v. McKinna, 208 F.3d 862, 864-865 (10th Cir. 2000).  This claim is indistinguishable from the claim of the prisoner in Montez, which the Tenth Circuit Court of Appeals rejected because "neither the United States Constitution nor any federal law prohibits the transfer of an inmate from one state to another" and the prisoner had "not identified any federal law or statute that prohibits the transfer of an inmate from one state to a private facility in another state." Id. at 865-866 (quotation and citation omitted).[1] Petitioner's claim under 28 U.S.C. § 2241 challenging the execution of his sentence should be denied.

Plaintiff's claim seeking a reduction of his sentence is properly construed as arising under 28 U.S.C. § 2254.  Such a habeas action must be brought in the jurisdiction in which Petitioner was convicted.   Because Plaintiff was convicted in Arizona, this Court is without jurisdiction to consider the merits of his claim seeking a reduction or commutation of his sentence.   Thus, his 28 U.S.C. § 2254 claim should be dismissed without prejudice for lack of jurisdiction.

The remainder of Plaintiff's claims challenge the conditions of his confinement at GPCF and are properly brought under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C.

---

[1]Plaintiff's failure to exhaust state remedies does not prevent the dismissal of the cause of action. See 28 U.S.C. § 2254(b)(2); Montez, 208 F.3d at 866 (holding "it is not inconsistent with §2241 or [the court's] habeas corpus precedent to follow the policy of § 2254(b)(2) in [that] case" despite the prisoner's failure to exhaust available state remedies).

§1983, a plaintiff must allege he or she was deprived of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." <u>Amer. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999). A municipality cannot be held liable under 42 U.S.C. § 1983 merely because of the unauthorized acts of its agents. <u>Monell v. Dep't of Social Servs. of New York</u>, 436 U.S. 658, 691 (1978). Rather, a municipality is liable to a § 1983 plaintiff only for "action pursuant to official municipal policy of some nature caused a constitutional tort." <u>Id.</u>  It is " well settled that <u>Monell</u> ... extends to private defendants sued under § 1983." <u>Smedley v. Corrections Corporation of America</u>, 175 Fed. Appx. 943, 946 (10th Cir. Dec. 20, 2005)(unpublished op.)

Plaintiff sues only Defendant CC, which may be held liable under 42 U.S.C. § 1983 only if an unconstitutional policy or custom existed which caused the injury.  <u>See</u> <u>Dubbs v. Head Start, Inc.</u>, 336 F.3d 1194, 1215-1217 (10th Cir. 2003)(holding that private entity can only be held liable under 42 U.S.C. § 1983 if it had policy that directly caused or was the moving force behind the constitutional violations); <u>see also</u> <u>Smedley</u>, 175 Fed. Appx. at 946 ("in order to hold [owner of private prison] liable for the alleged tortious acts of its agents, [the inmate plaintiff] must show that [the company] directly caused the constitutional violation by instituting an 'official municipal policy of some nature,' that was the 'direct cause' or 'moving force' behind the constitutional violations")(citations omitted).

Plaintiff has not alleged that Defendant CC had an official policy that was the "direct cause" of his alleged injuries.  Therefore, the action against Defendant CC should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim against the

5

Defendant.  Because the pleading defect may be curable, the dismissal should be without prejudice and with leave to amend the cause of action against Defendant CC within twenty days of the district judge's order. See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990).

RECOMMENDATION

Based on the foregoing findings, it is recommended that (1) Plaintiff's claim under 28 U.S.C. § 2241 challenging the execution of his sentence be denied; (2) Plaintiff's claim under 28 U.S.C. § 2254 claim be dismissed without prejudice for lack of jurisdiction, and (3) Plaintiff's claims under 42 U.S.C. § 1983 be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is notified that a dismissal of his 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his  opportunity to appeal.

Plaintiff is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___August 5th, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the

undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __16th__ day of ___July___, 2009.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE